IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID M. RHODES,                    :        No.  4:CV 06-1686
                                    :
          Plaintiff,                :        Judge Jones
                                    :
          v.                        :
                                    :
WARDEN RONNIE R. HOLT, *et al.*,    :
          Defendants.               :

## MEMORANDUM

### June 12, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is Defendants' Motion for Judgment on the

Pleadings (doc. 17) filed on May 1, 2007 by Defendants Warden Ronnie R. Holt,

FCI-Schuylkill and the Federal Bureau of Prisons.

For the following reasons, the Motion shall be granted.

**PROCEDURAL HISTORY**:

Plaintiff David M. Rhodes ("Plaintiff" or "Rhodes") commenced this action

by filing a complaint (doc. 1) with this Court on August 28, 2006.  The complaint

alleges that Plaintiff's termination was a direct violation  of his rights under the First

Amendment to the United States Constitution. Within the prayer for relief, Rhodes

1

requests: (1) equitable relief for the violation of his constitutional rights, including an order reinstating him to the position of correctional officer at a Bureau of Prisons facility, an order directing Defendants to cease and desist from harassing or retaliating against Rhodes in the future, an order directing the removal of disparaging references, including psychological and psychiatric reports from Rhodes' personnel file, and an order directing the appointment of an appropriate supervisor to monitor operations at FCI-Schuylkill.  Rhodes also requests any other relief the Court deems necessary and just, including attorneys fees and costs.

On December 11, 2006, the Defendants filed an answer.  (Rec. Doc. 12). On May 1, 2007, Defendants filed the instant Motion.  The Motion has been fully briefed and is therefore ripe for our review.

**STANDARD OF REVIEW**:

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial . . ." Under Rule 12(c) "judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."   Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988)(citation omitted). As with a motion to dismiss under Rule 12(b)(6)  the "Court 'views the facts alleged in the

2

pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.'" Mele v. FRB, 359 F.3d 251, 253 (3d Cir. 2004) (quoting Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002)).

FACTUAL BACKGROUND:

On August 27, 2004, Plaintiff was removed by Defendant Warden Holt from his position as a correctional officer based upon a charge of engaging in conduct unbecoming a correctional officer.  (Complaint, ¶7).  Plaintiff alleges that the charge asserted against him was "baseless, unfounded and intended solely to harass and retaliate against [him] for opposing and exposing wrongdoing at the facility." (Complaint, ¶8).

In addition to this case, Rhodes' has submitted and is currently pursuing an administrative claim to the Merit System Protection Board (MSPB) seeking redress for his termination.  To the Court's knowledge, that matter is still pending at this time.  Rhodes' administrative MSPB claim requests equitable, administrative, and make-whole remedies regarding his August 27, 2004  termination, that if successful, will entitle him to the same equitable remedies he is seeking in the instant claim. (Rec. Doc. 18, Ex. 2).

DISCUSSION:

The Defendants argue that the Court should grant judgment on the pleadings

3

in favor of them in the instant matter because the Plaintiff has failed to fully exhaust his administrative MSPB remedy prior to the filing of the instant suit.  Plaintiff argues that he may pursue injunctive or declaratory relief in this court without first exhausting available administrative procedures.

Plaintiff cites <u>Mitchum v. Hurt</u>, 73 F.3d 30 (3d Cir. 1995) to support his argument.  In <u>Mitchum</u>, the United States Court of Appeals for the Third Circuit held that district courts could entertain constitutional claims for injunctive relief despite the availability of administrative remedies.

In <u>Mitchum</u>, three employees of the Veterans Administration Medical Center ("VMAC") filed an action in the United States District Court for the Western District of Pennsylvania, alleging that they were retaliated against in violation of their First Amendment rights, seeking injunctive and declaratory relief.  <u>Id</u>. at 31.  The plaintiffs did not pursue administrative remedies. The VMAC argued that because the plaintiffs were able to pursue administrative remedies, jurisdiction was lacking in federal court.  The Western District granted summary judgment in favor of the defendants and dismissed the claim for equitable and injunctive relief, ruling that the plaintiffs were required to, but had not, exhausted their respective administrative remedies.  <u>Id</u>.

On appeal, the Third Circuit reversed.  <u>Id</u>.  The Third Circuit noted that "all

three appellants could have pursued administrative remedies to vindicate the alleged violations of their First Amendment rights." <u>Id.</u>   First citing the longstanding "power of federal courts to grant equitable relief for constitutional violations," the Third Circuit held that the appellants were not limited to available administrative remedies, but could bring suit for injunctive and declaratory relief, notwithstanding their failure to pursue administrative remedies   <u>Id</u>. at 35.

The Defendants argue that <u>Mitchum</u> is distinguishable from the instant case because Plaintiff *did* pursue administrative remedies while the <u>Mitchum</u> plaintiffs *did not.*  The Defendants submit that <u>Mitchum's</u> holding is narrow and stands only for the proposition that the CSRA's mere existence does not preclude a plaintiff from filing for injunctive relief in federal court when that plaintiff *did not* pursue administrative remedies.

Defendants argue that we should consider the District of Columbia Circuit's position on the issue, which is to require the aggrieved party to complete efforts to obtain identical relief, based on identical facts on non-constitutional claims in the appropriate administrative forum before allowing a federal case on constitutional claims to proceed.  Defendants cite to the cases of <u>Andrade v. Lauer</u>, 729 F.2d 1475 (D.C. Cir. 1984) and <u>Wallace v. Lynn</u>, 507 F.2d 1186 (D.C. Cir. 1974) to support their contention.

5

In <u>Andrade</u>, the court permitted a non-monetary claim to proceed in federal court without exhaustion of administrative remedies because the claim raised in federal court was markedly different from the administrative claim.  The court noted that "[t]he facts required for deciding the constitutional issue will be quite different from those bearing on the personnel and statutory issues, thus obviating the possibility of duplicative factfinding before court and agency. 729 F.2d at 1492. Contrarily, in <u>Wallace</u>, the court found that the constitutional claims and the personnel claims raised virtually identical issues and that the potential administrative remedy was capable of granting full relief to the appellants.  <u>Id.</u> at 1493 (discussing <u>Wallace</u>).  On that basis, the <u>Wallace</u> court affirmed the district court's ruling that the appellants had failed to exhaust their administrative remedies.  <u>Wallace</u>, 507 F.2d at 1107.

While we particularly decline to categorize either the breadth or narrowness of the <u>Mitchum</u> decision, we do find that it is distinguishable from the instant case. As noted, in <u>Mitchum</u>, the appellants had *not* proceeded in an administrative capacity on their claims, but asserted their claims originally in federal court.  In the instant matter, Plaintiff is simultaneously litigating before the MSPB and this Court a claim arising out of the same circumstance – his allegedly retaliatory termination by Warden Holt for First Amendment protected activity.  Furthermore, a comparison

of the prayer for relief in this matter (Complaint, pp. 4-5) and in the administrative claim reveals that they are substantially similar.[1]  The main relief sought by Plaintiff in both matters is reinstatement to his job as a correctional officer with the Bureau of Prisons.

While we recognize that we are not bound by the holdings or reasoning of our sister Circuits, we do find the District of Columbia Circuit's rationale and logic as expressed in Andrade and Wallace on the instant issue to be persuasive.  To allow Rhodes to simultaneously litigate essentially the same claim for functionally equivalent relief before the MSPB and this Court defies judicial economy and presents the very real possibility of conflicting outcomes.  Had Rhodes foregone his administrative remedies under the CSRA and immediately filed suit with this Court, Mitchum would certainly control and Rhodes would be entitled to proceed on his claims in this Court without exhaustion.  Rhodes did not choose this course, and as a result he seeks in effect to have it both ways.

---

[1] In the administrative claim, Plaintiff requests the MSPB to take the following action: "Remedies include but are not limited to making the appellant whole in terms of restoring to full-time duty, back pay, counseling fees, if any; compensatory damages, demotion of Mr. William McFadden to a non-supervisory/management position, immediate reassignment for appellant in previous position and grade to a like position and grade at another Bureau of Prisons institution of the appellant's choice, with a competing preferential status.  The reassignment be a paid move by the agency.   Letter of apology from agency for libelous statements made by management official.  And any other remedy deemed appropriate by a third party.

Accordingly, in the interests of judicial economy and to avoid the possibility of conflicting judgments, we shall grant the Defendants' Motion and dismiss the action without prejudice for failure to exhaust administrative remedies.[2]  An appropriate Order shall issue.

---

[2] It is our view that the statute of limitations on Plaintiff's claims would commence running at the point when he exhausts his administrative remedies, hence our dismissal will be without prejudice, in the event that he chooses later to return to this forum.